Baltimore and Ohio Southwestern Railroad Co.

*v.*

The People *ex rel.* William Parker, County Collector.

*Opinion filed February 18, 1903.*

1. Taxes—*library tax and tax to pay interest on bonds not included in aggregate levy.* In determining whether the aggregate tax levy for municipal purposes exceeds the two per cent limit imposed by law, the tax to pay interest on bonded indebtedness and the library tax should be excluded from consideration.

2. Same—*when city is not limited to three mills for lighting purposes.* A city working under a special charter which does not limit the amount which it may raise for lighting the streets may levy any amount, so long as the aggregate municipal tax does not exceed the amount it is authorized by law to raise.

3. Same—*when act of 1883, authorizing three mill tax for lighting, does not apply.* Section 2 of the act of 1883, (Laws of 1883, p. 69,) authorizing the levy of a tax of three mills on the dollar for lighting the streets, does not apply to a city having a special charter which does not fix a less rate for such purpose.

Appeal from the County Court of Richland county; the Hon. Parker Hutchinson, Judge, presiding.

Creighton, Kramer & Kramer, and R. S. Rowland, (Edward Barton, of counsel,) for appellant.

R. F. Powers, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

This is an appeal from a judgment of the county court of Richland county, on an application of the county treasurer for an order of sale against the property of appellant for an alleged delinquent city tax.

The total valuation of the taxable property within the city limits of the city of Olney in the year 1901 was $460,857, and the valuation of the taxable property of the appellant for that year within the city limits was $19,500. It appears by the annual tax ordinance passed by the city council levying a tax for that year upon all real, personal and railroad property within the corporate limits of the city, a levy of $10,000 was made, the ordinance specifying the several purposes for which the same should be used, as follows: Salary fund, $2200; street lighting, $2540; general, $1310; street and alley, $1500; library, $800; water-works, $400; fire department, $100; cemetery, $150; interest on bonded indebtedness, $1000; total, $10,000. It is agreed that the whole amount so levied amounted to $2.20 on the $100 valuation of the taxable property within the city limits. Of the amount so levied for street lighting purposes the appellant paid thirty cents (or three mills on the dollar) on the $100 valuation, but refused to pay the remaining twenty-five cents, which amounted to $48.75, which latter amount was returned delinquent and for which judgment of sale was asked.

The objections made below upon the application, and urged on this appeal as ground for reversal, raise two questions, the first of which is, could the city of Olney legally levy and collect $2.20 on the $100 valuation?

By stipulation of counsel it appears the city of Olney is acting under a special charter approved March 9, 1867, section 1 of article 5 of which grants the "power to levy and collect taxes for city purposes upon all property within the city, not exceeding one-half of one per cent per annum upon the assessed value thereof: *Provided,* that after three years from the organization of the city a higher tax may be raised if two-thirds of the voters of the city shall agree thereto at a special election for that purpose called by the mayor, and the city council may enforce the payment of taxes in any manner prescribed

by ordinance not repugnant to the constitution of this State or of the United States." Also, that on August 6, 1891, for the purpose of raising the amount which might be levied in conformity with the preceding provision, an election was held, resulting in giving the power to levy a tax of two per cent upon the taxable property within the city limits.

The first question raised by the appellant is, could the city council of the city of Olney, being limited by the terms of its charter and the subsequent vote of the people to a levy of $2 upon the $100 assessed valuation, legally levy and collect a tax of $2.20 on the $100?

The act of the legislature approved June 11, 1897, in force July 1 of that year, provides: "That 'An act in regard to the assessment and collection of municipal taxes,' passed May 23, 1877, be and the same is hereby amended so that hereafter it shall read as follows: All cities, villages and incorporated towns, in this State, *whether organized under the general law or special charters,* shall assess and collect their taxes in the manner, and have power to assess and collect them *at the rate* provided for in article 8 of the act entitled 'An act to provide for the incorporation of cities and villages,' approved April 10, 1872, and in the manner provided for in the general Revenue law of this State; and all acts, or parts of acts, inconsistent with the provisions of this act are hereby repealed." (Hurd's Stat. 1899, par. 283, p. 318.) Section 1 of article 8, referred to in this act, (Ibid. p. 286,) provides that "the aggregate amount of taxes levied for any one year, exclusive of the amount levied for the payment of bonded indebtedness or interest thereon, shall not exceed the rate of two percentum upon the aggregate valuation of all property within such city or village subject to taxation therein, as the same was equalized for State and county taxes for the current year." Applying the statute of 1897 to the city of Olney, notwithstanding its special charter, as the act expressly provides, it could

200—40

only levy a city tax at the rate authorized by the said section 1, but by the proviso above quoted to that section, the item in the foregoing ordinance of $1000 levied for interest on bonded indebtedness must be excluded.

Section 1 of chapter 81, (Hurd's Stat. 1899, p. 1096,) relating to libraries, authorizes the levy of an annual library tax, and provides that said annual library tax in cities of over three thousand inhabitants shall not be included in the aggregate amount of taxes as limited by section 1 of article 8 of "An act for the incorporation of cities and villages," approved April 10, 1872. Hence, the item of $800 for library tax appropriated in said ordinance should also be excluded from the aggregate amount levied. Deducting those two items, "interest on bonded indebtedness, $1000," and "library, $800," the aggregate amount of the levy for city purposes was but $8200, or less than two percentum upon the aggregate valuation of all the property within the city limits. Therefore, conceding that the city was not authorized to levy a tax of more than two percentum for general city purposes, the facts in this case do not show that it did exceed its power in that regard.

The second proposition relied upon by counsel for the appellant is, "Can the city of Olney levy and collect fifty-five cents on the $100 valuation of all the taxable property in the city of Olney for street lighting purposes when they are limited to three mills on the dollar?" There could be but one answer to this question as it is here stated, but the question is whether the city of Olney is limited to three mills on the dollar for lighting purposes. By section 12 of article 5 of its charter the city was given power "to provide for lighting the streets and erecting lamp-posts." Section 39 of article 5 gives it the power to make all ordinances necessary to carry into execution the powers specified in the act, so that the ordinance be not repugnant nor inconsistent with the constitution of the United States or of this State. The charter contains

no limitation whatever as to the amount of taxes to be levied for lighting purposes, and we see no reason why it could not levy any percentum upon its taxable property for that particular purpose so long as it did not exceed the limit of two percentum, as fixed by the act of 1897 and section 1, *supra.* In other words, it could lawfully levy two percentum for city purposes and could apportion that levy to the several departments of the city as it saw proper.

Counsel, we think, are in error in their contention that the city council of the city of Olney was limited in its power to levy a tax for lighting its streets by section 2 of the act approved June 21, 1883. (Hurd's Stat. 1899, p. 317.) That section provides, in substance, that the legislative authorities of cities in this State are authorized to levy and collect, annually, "upon the taxable property within its limits, *in addition to all other taxes now authorized by law,* a tax of not exceeding three mills on the dollar of such taxable property to be used exclusively for the purpose of lighting," etc. That is, if the city of Olney, by the terms of its charter, had been limited in the levy of a tax for lighting purposes to, say, two mills on its taxable property, then by the terms of this act of 1883 it could have levied an additional amount not exceeding three mills, provided that additional amount did not increase the whole tax to more than two percentum on the aggregate amount of the taxable property. But, as we have seen, there was no limitation upon its power to levy such a tax, and hence there was no necessity for invoking the power to levy an additional amount.

We are satisfied from a consideration of this record that neither of the positions contended for by counsel for the appellant can be sustained. The judgment of the county court was right, and it will be affirmed.

*Judgment affirmed.*